## F. C. McReynolds et al. v. Moise Broussard et al.

### Delivered March 31, 1898.

#### 1. Towns and Villages—Market Square—Dedication.

A defendant will not be compelled to remove a market house from the "market square" where the former authorities of the town had permitted such erections, when the building or the business transacted therein has not inconvenienced the plaintiff, owners of abutting lots, or injured their property, and the defendants do not assert any private or exclusive right to the property.

#### 2. Same—Commissioners Court.

The commissioners court has no authority to lease out part of a square dedicated to the public by a town, afterwards incorporated, although there has been no election of town officers for ten years, the incorporation having never been legally dissolved.

Appeal from Jefferson. Tried below before Hon. Stephen P. West.

*O'Brien, Bordages & O'Brien,* for appellants.

*W. H. Ford,* for appellee.

GARRETT, Chief Justice.—Appellants brought this suit in the District Court of Jefferson County against the appellees to compel them to vacate Market Square, in the town of Sabine Pass, and remove therefrom a building and improvements put thereon by them. The case was tried by the court without a jury, and conclusions of law and fact were filed by the trial judge. There is no statement of facts in the record. From the conclusions of fact it appears that the town of Sabine Pass was founded many years ago, by certain original proprietors, who made a plat thereof dividing the land into blocks and lots, streets and alleys, and certain squares. Among the squares was one designated "Market Square" upon the plat. The appellants own lots adjacent to this square, which were conveyed to them by mesne conveyances from the original proprietors of the town. The only evidence of the purpose of the original proprietors to dedicate Market Square to the use of the public is its name as designated on their map or plat, and that it has been since used by the public for market purposes; that the authorities of the town of Sabine Pass, which was incorporated, had permitted persons who desired to do a market business on the square to erect suitable structures thereon for such business and conduct the same therein. For about ten years prior to the institution of this suit, however, no officers for the town of Sabine Pass had been elected, but the corporation had never been dissolved in accordance with law. The appellees applied to the Commissioners Court of Jefferson County for permission to erect a market house, or building, on the square, to be used only for market purposes, and the court by order entered on its minutes authorized the county judge to lease the same to them for purposes stated at a nominal consideration, which was done, and a written lease or contract was executed by the county judge which permitted them to erect the building for

market purposes. There were no municipal officers for the appellees to apply to. They erected the building and have since used it, and are still using it, for the purpose of carrying on a market, and for market purposes only. The building and business have not injured the value of the appellants' property, nor inconvenienced them unless very remotely; not more, if at all, than it would have done had the municipal government been organized and permitted the appellees to go thereon according to the intent of the original dedication for the purpose. No injury has resulted, nor will result, to the appellants therefrom. The court rendered judgment in favor of the appellees denying the right of the appellants to eject them from the square. We are of the opinion that there was no error in the judgment. The square was dedicated to the use of the public for market purposes, and as such it could be used by any of the citizens, under the control and regulation of the corporate authorities of the town. There being no town officers at the time, a use of the square by the appellees in accordance with its original dedication, which was shown to be the case, subject to such regulation as the future corporate authorities of the town might make, would be proper. Appellees did not assert any private or exclusive right to the property, and are not holding the part of the square occupied by them adversely to the public, and may at any time be ejected therefrom or restrained from making any exclusive or private use thereof, if such use should be asserted or attempted. The lease undertaken to be made by the Commissioners Court conferred no right upon the appellees and gave no validity to their claim to the use of the square, but they do not claim thereunder any right that they did not have independent of it. The judgment of the court below will be affirmed.

*Affirmed.*